IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN EUGENE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:22-CV-662-WHA-KFP |
| | ) | |
| JAKE JACKSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Plaintiff, an inmate at the Russell County Detention Center in Phenix City, Alabama, brings this action for damages under 42 U.S.C. § 1983. Doc. 1. Plaintiff names as defendants Investigators Jake Jackson and Donald Carter and Walter Gray, III, District Court Judge for the District Court of Russell County, Alabama. Upon review, the Court concludes that the case against Defendant Gray and Plaintiff's conspiracy claims are due to be dismissed prior to service of process under 28 U.S.C. § 1915A(b)(1).

### II. STANDARD OF REVIEW

Because Plaintiff was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III.  FACTUAL BACKGROUND

Count 1 of Plaintiff's Complaint states that on October 4 and 5, 2017, Judge Gray conspired with Jackson and Carter to issue a search warrant with actual malice and without probable cause and issued fraudulent arrest warrants without probable cause in violation of Plaintiff's Fourth Amendment rights. Doc. 1 at 2–3. In Count 3 of the Complaint, Plaintiff states Judge Gray conspired with Jackson to issue a forged and false instrument that was insufficient to establish probable cause for Plaintiff's arrest. Plaintiff maintains Judge Gray

performed these actions "outside the course and scope of his discretionary authority," resulting in Plaintiff's being subjected to malicious prosecution. *Id.* at 3.

Incorporated into the Complaint is a copy of the application by Jackson for a search warrant signed by Judge Gray on October 4, 2017. Doc. 1-1 at 10. The warrant authorized a search of a hotel room in Phenix City, Alabama. *Id.* Plaintiff also incorporates the sworn complaints and arrest warrants issued against Plaintiff on October 5, 2017, on charges of possession of a controlled substance and unlawful distribution of a controlled substance. *Id.* at 12–15. Plaintiff was arrested and detained for those offenses on January 30, 2018. *Id.* at 13, 15. On the state's motion, the charges against Plaintiff were nolle prossed on January 19, 2022, by the Circuit Court of Russell County due to the unavailability of evidence and because the state indicated it was pursuing more serious charges against Plaintiff. *Id.* at 16–17.[1]

## IV.   DISCUSSION

### A.   Conspiracy Claim

Plaintiff alleges Defendants conspired to violate his Fourth Amendment rights by issuing false and fraudulent search and arrest warrants. Doc. 1 at 2–3. Plaintiff's conspiracy allegations entitle him to no relief.

---

[1] For purposes of this Recommendation, the Court assumes without deciding that the claims are not time-barred. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citations omitted) (recognizing that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought" and the governing limitations period in Alabama is two years).

3

In order to state a § 1983 conspiracy claim, "a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.'" *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir.) (brackets in original) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1992)). The linchpin for stating a conspiracy claim is an agreement. *Id*. This agreement must be shown with sufficient facts to plausibly suggest that an agreement was made. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, "a conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality." *Id*. at 557. "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice[;] [w]ithout more, parallel conduct does not suggest conspiracy[.]" *Id*. at 556-57. That is, the allegations "must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id*. at 557; *see Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (holding the stringing together of steps in the commitment process without alleging contacts to prove an understanding was reached did not state a conspiracy claim).

Here, Plaintiff's allegations that Defendants conspired or acted in concert to violate his constitutional rights are merely vague and conclusory assertions lacking any development suggesting the existence of a conspiracy and, in the absence of specific facts, amount to no more than a label or legal conclusion. *See Ashcroft*, 556 U.S. at 678, (finding that "mere conclusory statements[ ] do not suffice" for stating a claim); *Twombly*, 550 U.S. at 555; *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief

4

can be granted and may be dismissed). Consequently, Plaintiff fails to state a plausible § 1983 conspiracy claim, and the claim is due to be dismissed. 28 U.S.C. § 1915A(1)(a).

      **B.**      **Claims Against Judge Gray**

Plaintiff alleges Judge Gray acted outside the scope of his discretionary authority by issuing invalid search or arrest warrants based on false or insufficient information. Doc. 1 at 3. The Court understands Plaintiff's inference to be that Judge Gray forfeited his judicial immunity from suit based on the conduct alleged.

In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks and citation omitted). Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies regardless of whether a judge's action was in error, done maliciously, or taken in excess of authority. *Id.* (internal quotations and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (holding that judicial immunity is not overcome by allegations of bad faith or malice). Judicial immunity may be overcome only if a judge acts outside the judicial capacity or takes action in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

Plaintiff is required to present facts or legal arguments substantiating his claim that Judge Gray acted outside of his normal judicial functions. *See Weaver v. Geiger*, 294 F. App'x. 529, 534 (11th Cir. 2008). Here, none of Plaintiff's allegations against Judge Gray

5

suggest any actions taken outside of his ordinary judicial capacity, and Plaintiff fails to allege facts supporting a theory that issuance of the challenged warrants was outside Judge Gray's judicial powers. To the contrary, the allegations against Judge Gray and the documents submitted in support of the Complaint reflect that his actions were taken as part of normal state court proceedings over which he had jurisdiction. *See Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356.

Plaintiff's allegations against Judge Gray do not compel a conclusion that he acted in the clear absence of jurisdiction. Plaintiff alleges no non-conclusory facts regarding Judge Gray's actions and, instead, asserts only his conclusion that Judge Gray acted outside of his judicial capacity in issuing search or arrest warrants, which is insufficient. Accordingly, the doctrine of judicial immunity serves as an absolute bar to all of Plaintiff's claims against Judge Gray, and they are therefore due to be dismissed. 28 U.S.C. § 1915A(b)(1).

### V. CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's § 1983 conspiracy claims against Defendants Jackson and Carter be DISMISSED with prejudice before service of process under 28 U.S.C. § 1915A(b)(1).

2. All of Plaintiff's § 1983 claims against Judge Walter Gray be DISMISSED with prejudice before service of process under 28 U.S.C. § 1915A(b)(1) and (2).

3.     Judge Walter Gray be TERMINATED as a party to this case.

4.     This case be referred back to the undersigned for additional proceedings on Plaintiff's malicious prosecution claim against Defendants Jackson and Carter.

Further, it is ORDERED that by **January 18, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of January, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE